UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MACHECA TRANSPORT COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:04-CV-178 (CEJ) ) |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion, pursuant to Rule 45(c)(3)(A), Fed.R.Civ.P., of nonparty Gary Evanoff to quash a subpoena served upon him by defendant. Defendant opposes the motion. Also before the Court is the defendant's motion to reopen discovery to allow for a deposition of Mr. Evanoff in lieu of his trial testimony.

On September 7, 2008, defendant Philadelphia Indemnity Insurance Company served a subpoena on Mr. Evanoff to appear for trial at the Thomas F. Eagleton Courthouse in St. Louis, Missouri. Mr. Evanoff moves to quash, arguing that compliance with the subpoena would require him to travel more than 200 miles and to incur substantial expense. He further argues that defendant has not shown a substantial need for his testimony and has not ensured that he will be compensated for his expenses.

### **Discussion**

Rule 45(b)(2)(C), Fed.R.Civ.P., provides that a subpoena may be served:

> [W]ithin a state of the issuing court if a state statute
> or court rule allows service at that place of subpoena
> issued by a state court of general jurisdiction sitting
> in the place for the deposition, hearing, trial,
> production, or inspection . . . .

Missouri Rules of Civil Procedure state that "[a]ll process issued for service within the state may be served within the state and may be forwarded to the sheriff of any county for the purpose of service." Mo. Ann. R. § 54.13(d). In the instant case, defendant properly served a subpoena on Mr. Evanoff in Henry County, Missouri, on September 7, 2008.

Even when a subpoena on a nonparty is properly served, its enforcement may be subject to limitation. Thus, Rule 45(c)(3)(A)(ii), Fed.R.Civ.P., provides that:

> On timely motion, the issuing court must quash or modify
> a subpoena that . . . requires a person who is neither a
> party nor a party's officer to travel more than 100 miles
> from where that person resides, is employed, or regularly
> transacts business in person---except that, subject to
> Rule 45(c)(3)(B)(iii), the person may be commanded
> to attend a trial by traveling from any such place
> within the state where the trial is held.

Under Rule 45(c)(3)(B)(iii), Fed.R.Civ.P., the Court has discretion to quash a subpoena "if it requires . . . a person who is neither a party nor a party's officer to incur substantial expenses to travel more than 100 miles to attend trial."

Here, Mr. Evanoff acknowledges that the defendant has agreed to pay the travel expenses for his attendance at trial and his hotel expenses. He complains, however, that the defendant has not agreed to reimburse him for the "multiple days of work" he will miss by attending the trial. Mr. Evanoff does not specifically

state that he will not receive any wages for the days he will miss nor does he state the amount of the wages he will lose. The Court finds that Mr. Evanoff has failed to establish that compliance with the subpoena would cause him to incur substantial expense.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Gary Evanoff to quash defendant's subpoena [Doc. #166] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion to reopen discovery for the limited purpose of deposing Gary Evanoff [Doc. #223] is **denied as moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2009.