UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MACHECA TRANSPORT COMPANY, et al.   )
                                    )
         Plaintiffs,                )
                                    )
    vs.                             )    No. 4:04-CV-178 (CEJ)
                                    )
PHILADELPHIA INDEMNITY              )
INSURANCE COMPANY,                  )
                                    )
         Defendant.                 )

## MEMORANDUM AND ORDER

Before the Court is plaintiffs' amended bill of costs. Defendant objects to several items claimed by plaintiff, arguing that they are not taxable as costs.

I.  Background

On September 21, 2011, the Eighth Circuit issued a final mandate in this matter affirming in part, reversing in part, the judgment entered by this Court and remanding the case for further proceedings. (Doc. ## 204 and 306). Following a jury trial on the issue of damages, judgment was entered for the plaintiffs in the amount of $174,964.00 on March 7, 2012. (Doc. #407). Plaintiffs filed a bill of costs on March 27, 2012 and an amended bill of costs on March 29, 2012

II.  Discussion

A.  Appellate costs

Defendant argues that plaintiffs are not entitled to recover costs in connection with the appeal.[1]

Rule 39(a) of the Federal Rules of Appellate Procedure sets forth four separate

---

[1] The appellate costs sought by plaintiffs are those incurred in connection with the second appeal.  The costs incurred in the first appeal have been paid.

categories of cases in which appellate costs will be awarded, with different directions for the taxation of costs with respect to each of the four categories. The four categories are: (1) dismissed appeals; (2) affirmed judgments; (3) reversed judgments; and (4) judgments affirmed in part, reversed in part, modified, or vacated. The appeal in this cause resulted in the judgment of this Court being affirmed in part and reversed in part.  As such, the plaintiffs' claim is governed by Fed. R. App. P. 39(a)(4), which provides that "costs are taxed only as the court orders." "In such situations, Rule 39 has no default rule with respect to whether costs are taxed against the appellant or appellee; the appellate court must specify whether one party or the other, or both, are entitled to costs, and if so, what costs." Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp., 497 F.3d 805, 808 (8th Cir. 2007). Where Fed. R. App. P. 39(a)(4) applies, "none of the costs listed as taxable under Rule 39(e) are recoverable in the district court unless the appellate court so indicates." Sellers v. Peters, 4:97CV2260, 2008 WL 1766585 (E.D. Mo. 2008).

In order "to secure the costs mentioned in Rule 39(e), the prevailing party must make a separate application to the district court after the mandate has been received from the court of appeals." St. John's Mercy Med. Ctr. v. Delfino, 4:02CV01527, 2006 WL 5363180 (E.D. Mo. 2006) (quoting Sudouest Import Sales Corp. v. Union Carbide Corp., 102 F.R.D. 264, 264-65 (D.C. P.R. 1984)). The Local Rules of this district court provide that the prevailing party must file a bill of costs within twenty-one days after the Eighth Circuit issues its mandate. E.D.Mo. L.R. 8.03(B).

The court of appeals did not order the taxation of appellate costs.  Also, the plaintiffs did not file a bill of costs within 21 days of September 21, 2011, the date of the issuance of the mandate, as required by E.D.Mo. L.R. 8.03(B). Therefore, the Court will sustain defendant's objection to all appeal costs claimed by plaintiffs in their

amended bill of costs.

### B. Jack Christopher Witness Fee

The defendant objects to subpoena and witness fees for Jack Christopher on the ground that he was an employee of the plaintiffs. In response to defendant's objection, plaintiffs have submitted an affidavit stating that Mr. Christopher was not employed by plaintiffs at the time the costs associated with him were incurred. Defendant has not countered the information in the affidavit. The Court finds that the plaintiffs are entitled to recover the costs incurred in connection with Mr. Christopher's testimony. See 28 U.S.C. § 1920(3).

### C. Copying and Printing Costs

Fees for copying and printing are only taxable if "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Defendant has objected to the $5,681.34 claimed by plaintiffs for copies because the itemized list submitted by plaintiffs does not contain enough information to determine whether those copies were necessary for this litigation. Plaintiffs respond that they cannot specify the purpose of the copies; however, they believe that a portion ($2,888.50) of the amount claimed relates to the appellate proceedings. In light of this uncertainty, plaintiffs have reduced their request for copying costs to $2,386.30. Plaintiffs have also explained that they incurred printing costs in the amount of $249.77 for discovery and $144.77 for trial exhibits.

The Court finds that plaintiffs have submitted insufficient information to determine whether the all of the claimed costs were incurred for copies necessary for this litigation. See Emmenegger v. Bull Moose Tube Co., 33 F. Supp. 2d 1127, 1133 (E.D. Mo. 1998). The printing costs for trial exhibits are properly taxable, but costs incurred for printing documents for discovery are not. Id. ("nor does the cost statute cover a party's copying of documents to be produced in discovery"). Thus, defendant's

objection to the $144.77 in printing costs for trial exhibits is overruled; its objection to all other copying and printing costs is sustained.

### D.  Court Reporter Deposition Costs

In response to defendant's objection that plaintiffs have not provided enough information to determine whether $2,018.30 in fees claimed for printed deposition transcripts were necessary, plaintiffs have provided invoices supporting the inclusion of these costs. In light of the additional documentation identifying the date and witness for which the deposition transcript costs were incurred, the Court will overrule defendant's objection to the $2,018.30 as a taxable cost.

*****

In summary, the following costs are taxable to defendant:

| | |
|---|---:|
| Fees of the Clerk: | $   140.00 |
| Fees for Printed/Electronic Transcripts: | 8,439.91 |
| Fees for Witnesses: | 861.73 |
| Fees for Copies/Printing: | 144.77 |
| Total: | $ 9,586.41 |

Accordingly,

**IT IS HEREBY ORDERED** that the amended bill of costs submitted by plaintiffs [Doc. #409] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs to defendant in the amount of $9,586.41.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 15th day of June, 2012.