UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MACHECA TRANSPORT COMPANY, ) <br> d/b/a GATEWAY COLD STORAGE, et al. ) <br>                                                                    ) <br> Plaintiffs,                                           ) <br>                                                                    ) <br> vs.                                                              ) <br>                                                                    ) <br> PHILADELPHIA INDEMNITY                       ) <br> INSURANCE COMPANY,                              ) <br>                                                                    ) <br> Defendant.                                        ) | No. 4:04-CV-178 (CEJ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiffs' motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment entered on March 7, 2012. In the alternative, plaintiffs move for a new trial under Fed. R. Civ. P. 59(a). Defendant opposes both motions, and the issues have been fully briefed.

Plaintiffs brought this action seeking payment under an insurance policy issued by defendant. After the Eighth Circuit found in favor of plaintiffs on the issue of coverage, the case was remanded for a jury trial on the issue of damages. Macheca Transp. v. Philadelphia Indem. Ins. Co., 649 F.3d 661 (8th Cir. 2011). A jury determined that plaintiffs were entitled to damages in the amount of $90,981.28 for property damage, $54,238.84 for lost business income, and $29,743.88 for necessary expenses as a result of the covered loss. (Doc. #404). Final judgment was entered on March 7, 2012. (Doc. #407).

Prior to the filing of this case, plaintiffs received payments from Travelers Insurance Company ("Travelers") under a concurrent insurance policy for the same

loss covered by the policy issued by defendant. At trial, the jurors were instructed that they were not to award damages for "any amount already paid by Travelers Insurance Company." (Doc. #403).

Plaintiffs assert the same grounds for relief in each of their post-judgment motions. First, they contend that they are entitled to an award of prejudgment interest on their damages from December 1, 2001 through March 31, 2012. Second, they claim that their damages were improperly reduced by the amounts paid to plaintiffs by Travelers.

### Prejudgment Interest

Mo. Rev. Stat. § 408.020 governs the award of prejudgment interest "for all moneys after they become due and payable, on written contracts . . . after they become due and demand of payment is made[.]" Three requirements must be met before such interest can be awarded on a claim: "(1) the expenses must be due; (2) the claim must be liquidated or the amount of the claim reasonably ascertainable; and (3) the obligee must make a demand on the obligor for the amount due." Jablonski v. Barton Mut. Ins. Co., 291 S.W.3d 345, 350 (Mo. Ct. App. 2009) (quoting Lucent Techs., Inc. v. Mid–West Elecs., Inc., 49 S.W.3d 236, 246 (Mo. App. 2001)). "The award of prejudgment interest in a case in which [S]ection 408.020 is applicable is not a matter of court discretion; it is compelled." Comens v. SSM St. Charles Clinic Med. Group, Inc., 335 S.W.3d 76, 82 (Mo. Ct. App. 2011).

The requirement that the claim be reasonably ascertainable was discussed by the court in Comens:

> The mere fact that a party denies liability or defends a claim against him [or her], or even the existence of a bona fide dispute as to the amount

> of the indebtedness, does not preclude recovery of interest...." <u>Columbia Mut. Ins.</u>, 258 S.W.3d at 480 (quoting <u>Twin River Constr. Co. v. Pub. Water Dist. No. 6</u>, 653 S.W.2d 682, 695 (Mo.App. E.D.1983)). "To hold otherwise would allow [the opposing party] to accrue pecuniary benefit unfairly by the simple expedient of producing conflicting estimates of value." <u>Columbia Mut. Ins.</u>, 258 S.W.3d at 480 (quoting <u>Catron v. Columbia Mut. Ins. Co.</u>, 723 S.W.2d 5, 8 (Mo. banc 1987) (Robertson, J., concurring)). An exact calculation of damages need not be presented in order for the claim to be considered liquidated. <u>City of Sullivan v. Truckstop Restaurants, Inc.</u>, 142 S.W.3d 181, 195 (Mo. App. E.D.2004). Damages may still be ascertainable, even in the face of "a dispute over monetary value or the parties' experts compute different estimates of the loss." <u>Jablonski v. Barton Mut. Ins. Co.</u>, 291 S.W.3d 345, 350 (Mo. App. W.D. 2009).

<u>Comens</u>, 335 S.W.3d at 82. Often, where the method of valuation is set forth in an insurance contract and undisputed, Missouri courts have found damages to have been sufficiently ascertainable to support a prejudgment-interest award. <u>See</u>, e.g., <u>Columbia Mut. Ins. Co. v. Long</u>, 258 S.W.3d 469, 480 (Mo. Ct. App. 2008) ("the amount due was fixed, by the insurance policy itself, as the value of the stolen cattle"); <u>Jablonski</u>, 291 S.W.3d at 350 (collecting cases).

As to the demand requirement, '[i]f a demand for payment was not made prior to filing of a lawsuit, then the filing itself constitutes a demand." <u>Watters v. Travel Guard Int'l</u>, 136 S.W.3d 100, 111 (Mo. Ct. App. 2004)(internal citations omitted).

Here, plaintiffs have failed to show that the damages ultimately awarded to them meet the criteria for an award of prejudgment interest. First, the parties' insurance contract provided that defendant was to pay for a covered loss "within 30 days after we receive sworn proof of loss, if: ... (a) We have reached agreement with you on the amount of "loss"; (b) An appraisal award has been made; or (c) Final judgment has been entered." (Doc. #98-6). Because only the third condition—final judgment—has occurred, payment for plaintiffs' loss was not due prior to the entry of the March 7,

2012 judgment.

Even assuming that payment was due when plaintiffs made a formal demand for payment by filing their complaint, the methods for determining the amounts of coverage for property damage, lost business income, and extra expenses were disputed and uncertain until the jury rendered its verdict. For property damage, the parties' contract provided that the value of covered property in the event of loss is the replacement cost basis but not more than "the least of: . . . ; or (c) The amount you actually spend that is necessary to repair or replace the lost or damaged property . . . If the repairs or replacement are not made as soon as reasonably possible after the 'loss,' the value of the property will be actual cash value." (Doc. #98-6). Plaintiffs maintained throughout the trial that they intended to make repairs to their damaged storage facility but were not reasonably able to do so. This was the basis for their claim that their business income losses continued to accrue throughout the course of this litigation. In fact, plaintiffs even claimed that the coverage limit for lost business income coverage should not apply under these circumstances. As such, the method that would apply in determining plaintiffs' property damage was indeterminable because plaintiffs' continued to represent that actual repairs would be made—an action that would affect not only the correct valuation method, but whether damages were fixed or continuing to accrue.

As to the valuation of lost business income, these same legal positions pursued by plaintiffs made the method of determining loss business income too uncertain to justify an award of prejudgment interest. Plaintiffs' argued in their motions in limine that the provisions of the contract limiting loss business income to a 120-day "restoration period" and limiting coverage to $500,000.00 should not apply. (Doc. ##

338, 339). Thus, there was a real dispute as to the method for determining the amount of lost business income in controversy because plaintiffs claimed that the methodology set forth in the parties' contract should be disregarded.

Similarly, coverage for "extra expenses" was defined in the parties' contract as the "necessary expenses you incur during the 'period of restoration' that you would not have incurred" if there had been no loss. Id. Since plaintiffs took the position that the "period of restoration" limitation as described in the contract should not apply, the methodology for determining the amount of "extra expense" coverage owed by defendant was in dispute even after liability for that coverage had been found.

Also, each of these damage categories was uncertain because, as discussed below, plaintiffs continued to argue that they are entitled to recover damages for amounts already paid to them by Travelers under a concurrent insurance policy. Although several courts in Missouri have held that a claim by a defendant creditor for offset or contribution does not render a damage award unliquidated, e.g. A.G. Edwards & Sons, Inc. v. Drew, 978 S.W.2d 386, 397 (Mo. Ct. App. 1998), the other insurance payments made here were paid long before plaintiffs filed this suit. As such, plaintiffs' position that they were entitled to a double recovery on a single loss—which runs contrary to well-established Missouri law—created an additional uncertainty as to the amount to be paid by defendant in the event that plaintiffs were entitled to coverage.

Because the Court finds that plaintiffs' damages were neither due nor readily ascertainable prior to the entry of judgment, prejudgment interest is not appropriate under Mo. Rev. Stat. § 408.020.

In addition to the elements required under § 408.020, Missouri courts have noted that "[t]he trial court may be guided by equitable principals of justice and

fairness when determining whether to award prejudgment interest." <u>City of Sullivan v. Truckstop Restaurants, Inc.</u>, 142 S.W.3d 181, 195 (Mo. Ct. App. 2004) (citing <u>A.G. Edwards & Sons, Inc.</u>, 978 S.W.2d at 396). Equitable principals do not support plaintiffs' request for prejudgment interest because the damage-valuations demanded by plaintiffs were inconsistent with Missouri law. Also compelling from an equitable standpoint, the amount of damages awarded by the jury ($174,964.00) is less than the settlement offer of $200,000 made by defendant in February 2005.  Thus, this is not an instance where defendant will "accrue pecuniary benefit unfairly by the simple expedient of producing conflicting estimates of value." <u>Columbia Mut. Ins.</u>, 258 S.W.3d at 480.

### Deduction of the Travelers' Payments

Plaintiffs next argue that the Court incorrectly instructed the jury that plaintiffs were not entitled to damages for losses that were already covered by the payments Travelers made under a concurrent policy. They claim that the Court should amend its judgment to reflect the amount of the Travelers' payments or, in the alternative, grant them a new trial under Fed. R. Civ. P. 59(a).

The crux of plaintiffs' argument—that the "collateral source rule" should apply to preserve the "benefit of the bargain" expected from plaintiffs' concurrent insurance policies—ignores Missouri law, as well as the terms of the parties' contract. Like many commercial insurance policies, plaintiffs' policy with defendant contains an "other insurance" clause.[1] An "other insurance clause" is a provision "inserted in insurance

---

[1] The provision here states that, if multiple policies cover the same loss, defendant will only provide coverage in excess of the coverage limit of the other insurance or, if the other insurance contains a similar provision, the proportion of the loss in relation to the policies' respective coverage limits. (Doc. #52-4, p.32).

policies to vary or limit the insurer's liability when additional, concurrent insurance exists to cover the same loss." Farm Bureau Town & Country Ins. Co. of Missouri v. Am. Alternative Ins. Corp., 347 S.W.3d 525, 532 (Mo. Ct. App. 2011) (quoting Planet Ins. Co. v. Ertz, 920 S.W.2d 591, 593 (Mo. Ct. App. 1996)). Even if this cause is discarded as mutually repugnant due to a similar provision in the Travelers policy, the concurrently-covered losses are "prorated between the insurers as though neither policy had an 'other insurance' clause," *i.e.*, "in proportion to the amount of coverage by their respective policies." Heartland Payment Sys., L.L.C. v. Utica Mut. Ins. Co., 185 S.W.3d 225, 231-32 (Mo. Ct. App. 2006). In the event that one insurer pays more then their share of a concurrent loss, the other insurer may seek contribution. Id.; Farm Bureau Town & Country Ins. Co. of Missouri v. Am. Alternative Ins. Corp., 347 S.W.3d 525, 532 (Mo. Ct. App. 2011).

Had plaintiffs received no coverage from either insurer, plaintiffs could have sought the full amount of loss from each insurer and evidence of the concurrent coverage offered for the purpose of reducing damages may well have been excluded. See Heartland Payment Sys., L.L.C., 185 S.W.3d at 232 ("while an insured's right of recovery is restricted to the actual amount of its loss, this does not bar it from demanding full coverage from each insurer, as long as its demand is made in good faith."). However, since Travelers did not contest coverage and made payments to plaintiffs prior to the filing of this lawsuit, plaintiffs were not entitled to recover for those amounts already paid by Travelers for the same loss. As a result, the Court finds no error with respect to the Travelers payments and plaintiffs' motions for an amended judgment or new trial on this basis are without merit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to alter or amend judgment and for a new trial [Doc. ##411 and 413] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of November, 2012.